UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY D. HOUSTON,

    Petitioner,

v.                                              CASE NO. 6:04-cv-371-Orl-28KRS

ATTORNEY GENERAL, STATE OF FLORIDA,

    Respondent.
_____

## ORDER

This case is before the Court on Petitioner's third amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 16). Respondents filed a response to the original petition (Doc. No. 6) and then filed a response (Doc. No. 18) and a supplemental response (Doc. No. 23) to the third amended petition. Thereafter, Petitioner filed replies to the responses (Doc. Nos. 8, 19, and 31).

Petitioner alleges essentially two claims for relief in his habeas petition: first, that "the State admitted collateral crime evidence which was improperly used solely to prove propensity or bad character"; and second, that he received ineffective assistance of counsel.

*Procedural History*

    Petitioner was charged by information with the following crimes:

    Case number CR01-816: two counts of sexual battery;

    Case number CR02-1869: two counts of sexual battery; and

Case number CR02-1087: two counts of sexual battery.

In case number CR01-816, Petitioner entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to one count of battery. The trial court adjudicated him guilty of the crime and sentenced him to time-served.

In the remaining cases, a jury trial was held, and he was found guilty as charged in both informations. The trial court sentenced him to life imprisonment as to each count, with all of the sentences to run concurrently. Petitioner appealed the convictions and sentences in all of the cases, and the state appellate court affirmed. *See Houston v. State*, 852 So. 2d 425 (Fla. 5th DCA 2003); *Houston v. State*, 849 So. 2d 319 (Fla. 5th DCA 2003).

Petitioner next filed a motion for postconviction relief as to all of the cases with the state trial court, which was denied. The state appellate court affirmed the denial *per curiam*.

Petitioner's instant claims involve the jury trial that occurred in case number CR02-1087.

*Claim One*

Petitioner argues that "the State admitted collateral crime evidence which was improperly used solely to prove propensity or bad character"

This claim involves an evidentiary ruling made by the state trial court. "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992) ("[w]e review questions of state law in federal habeas

2

proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render `the entire trial fundamentally unfair.'"). The state trial error must have been "material in the sense of a crucial, critical, highly significant factor." *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted); *see also Griffin v. Lewis*, No. 94-17086, 1996 WL 65245, at *4 (9th Cir. February 14, 1996) (unpublished opinion) ("A state court's evidentiary ruling may justify federal habeas relief only if it in some way renders the state proceeding fundamentally unfair."); *Palmariello v. Superintendent of M.C.I. Norfolk*, 873 F.2d 491, 494 (1st Cir.),("[h]abeas review does not ordinarily encompass garden-variety evidentiary rulings."), *cert. denied*, 493 U.S. 865 (1989); *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (generally, a federal court will not review a state trial judge's rulings with respect to the admissibility of evidence; an erroneous ruling alone does not warrant habeas corpus relief).

In the present case, Petitioner has not demonstrated that the state court's ruling with regard to this matter was erroneous or that the ruling deprived him of a fundamentally fair trial. Moreover, Petitioner has failed to establish that the alleged error by the trial court with regard to this matter had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993). Thus, this claim must fail.[1]

---

[1] Alternatively, Petitioner's claim is precluded by section 2254(d). This claim was considered by the state appellate court, and, in considering this claim, Petitioner has not shown that the state appellate court applied a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Furthermore, there is no indication that the result reached by the state appellate court was at odds with any United States

3

*Claim Two*

Petitioner avers that he received ineffective assistance of counsel because counsel failed to object to "inflammatory racial remarks during trial and closing arguments" that were made by the prosecutor.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). The Eleventh Circuit Court of Appeals has held that this procedural bar applies to ineffective assistance of counsel claims brought in habeas cases: "[A] habeas petitioner may not

---

Supreme Court case which considered "materially indistinguishable facts." Finally, Petitioner has not demonstrated that the state appellate court's application of the clearly established law regarding this claim was objectively unreasonable.

[2]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[3]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992) (footnote omitted).

Petitioner's claim is procedurally barred because it was not raised with the state courts. There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two is procedurally barred.[5]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

---

[4] *See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

[5] In his final reply (Doc. No. 31), Petitioner appears to argue for the first time that there his right to a speedy trial was violated. The Court finds that Petitioner has failed to demonstrate that there was any violation of his right to a speedy trial.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Anthony D. Houston is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __ day of July, 2005.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/11
Counsel of Record
Anthony D. Houston